**Christopher Felix RUIZ,**
**Plaintiff–Appellant,**

v.

**DEFENDANTS ALL ENCLOSED, MENTIONED BUT NOT LIMITED TO OF OSC CASE FILE # DI–10–1811, (enclosed submitted Legal 8½ × 11 inch 12 pages sheets), Defendants–Appellees.**

No. 14–184.

United States Court of Appeals, Second Circuit.

Feb. 2, 2015.

Christopher Felix Ruiz, pro se, Lexington, KY, for plaintiff-appellant.

PRESENT: DENNIS JACOBS, GUIDO CALABRESI, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellant Christopher Ruiz, pro se, appeals the district court's order and judgment dismissing his complaint sua sponte as frivolous and failing to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

 The United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction" over any appeal "in any civil action arising under ... any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1). Even so, if "we conclude that there are 'reasons completely unrelated to the provisions and purposes of the patent laws why the plaintiff[s] may or may not be entitled to the relief [they] seek[ ],' we have jurisdiction to entertain this appeal." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 200 (2d Cir. 2006), *abrogated on other grounds by FTC v. Actavis, Inc.*, —— U.S. ——, 133 S.Ct. 2223, 186 L.Ed.2d 343 (2013) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)) (internal citation omitted).

We review *de novo* a district court's sua sponte dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Pro se complaints should be liberally construed, and district courts should generally not dismiss a pro se complaint without granting the plaintiff leave to amend, unless it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000).

 Ruiz's complaint is such that it is difficult to discern which of his claims, if any, arise under the federal patent laws. To the extent Ruiz brings patent infringement claims, we dismiss for lack of appellate jurisdiction. *See* 28 U.S.C. § 1295(a)(1). To the extent Ruiz's claims do not arise under the federal patent laws, we agree with the district court that the claims are frivolous and implausible, and we affirm for substantially the reasons stated by the district court in its December 17, 2013 decision.

We have considered all of Ruiz's arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal, in part, for lack of jurisdiction, and we **AFFIRM** the judgment of the district court, in part.